RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  9/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODERICK C. PEARSON | DOCKET NO. 13-CV-2254, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAH | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Roderick C. Pearson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. At the time of filing on July 5, 2013, he was incarcerated at the United States Penitentiary in Pollock, Louisiana. Approximately three weeks later, he was transferred to United States Penitentiary Canaan, in Waymart, Pennsylvania. Petitioner attacks his conviction and sentence for brandishing a firearm during and in relation to a crime of violence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

Petitioner was charged by indictment in the Northern District of Alabama, Docket No. 07-cr-72, with armed bank robbery on January 12, 2007 (Count 1); brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §924(c)(1)(A)(ii) (Count 2); armed

bank robbery on January 25, 2007 (Count 3); brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §924(c)(1)(C)(i) (Count 4); and felon in possession of a firearm (Count 5). He plead guilty to Counts 3, 4, and 5 relating to the bank robbery committed on January 25, 2007, and a jury convicted him of Counts 1 and 2 relating to a bank robbery committed on January 12, 2007. Petitioner was sentenced to a total of 564 months of imprisonment. [NDAL Docket No. 07-cr-72]

Petitioner appealed his convictions and sentence to the Eleventh Circuit Court of Appeals, challenging the district court's denial of his motion in limine and objections made at trial, pursuant to Fed. R. Evid. 404(b), to the introduction of extrinsic evidence of the January 25, 2007 robbery; and challenging his sentence on the grounds that his prior conviction should not have been considered a crime of violence for purposes of U.S.S.G. § 4B1.2(a), and that his sentence was unreasonable under 18 U.S.C. § 3553(a). See U.S. v. Pearson, 308 Fed.Appx. 375, 2009 WL 146535 (11th Cir. 1/22/09). The Court of Appeals held that evidence of the subsequent bank robbery was admissible in the trial of the prior robbery; the application of a career-offender sentencing enhancement was warranted; and, the sentence was not substantively unreasonable or greater than necessary. Id. Pearson did not seek further review in the United States Supreme Court.

On November 23, 2009, Petitioner filed a Motion to Vacate, Set

Aside, or Correct Illegal Sentence pursuant to 28 U.S.C. §2255. [NDAL Docket No. 09-cv-8041]  In his petition, Pearson claimed that his convictions violated the double jeopardy clause, that every necessary element of each offense was not set forth in the indictment, that the convictions were unconstitutional, and that his counsel rendered ineffective assistance.  The Court found that Pearson's claims were procedurally barred; and, even if they were not barred, they were without merit.  Pearson filed a notice of appeal, but was denied leave to proceed in forma pauperis.  His appeal was dismissed for want of prosecution by the Eleventh Circuit Court of Appeals on October 15, 2012, because he failed to pay the filing fee.

Petitioner now seeks to file a Section 2241 petition under the savings clause.  He claims that his petition is based on a retroactive decision of the United States Supreme Court that establishes that Pearson may have been convicted of a non-existent offense, and that his claim was foreclosed by circuit law at the time it should have been raised at trial or his first Section 2255 motion.

### *Law and Analysis*

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).  Section 2255 provides

the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. Id. A petition filed under §2241 that attacks errors that occurred at trial or sentencing should be construed as a §2255 motion. See id. at 877-78. A federal prisoner may attack the validity of his conviction in a §2241 petition if he can meet the requirements of §2255(e)'s savings clause. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000). The prisoner bears the burden of showing that the remedy under §2255 would be "inadequate or ineffective to test the legality of his detention." §2255(e); Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).

A prisoner who wishes to proceed under the savings clause, such as Pearson, must establish that there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Lampton, 667 F.3d 585 (5th Cir. 2012), citing 28 U.S.C. §2255(h)(2). Petitioner claims that the Supreme Court case of U.S. v. O'Brien, 560 U.S. 218 (2010) meets the requirements of the savings clause. However, O'Brien did not announce a new rule of constitutional law. O'Brien is a statutory-interpretation case about the elements of an offense under 18 U.S.C. §924(c)(1)(B)(ii). See Lampton, 667 F.3d at 590; accord Deglace v. Warden, 484 Fed.Appx. 307 (11th Cir.

2012)(O'Brien was limited to a rule of statutory construction of §924(c)(1)(B)(ii)). The Supreme Court did not announce a new rule of constitutional law in O'Brien. See id.

*Conclusion*

The Court has given Pearson's petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice.**

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 18th day of September, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE